UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

IVAN HERNANDEZ,

     Plaintiff,

v.

BEYOND MOTION, INC., Florida
Profit Corporation, AMY L.
LADEMANN, individually and
ERICH M. LADEMANN,
individually,

     Defendants.

CASE No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IVAN HERNANDEZ ("Plaintiff"), by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, BEYOND MOTION, INC. ("Beyond Motion"); AMY L. LADEMANN ("A. Lademann") and ERICH M. LADEMANN ("E. Lademann") (Beyond Motion, A. Lademann and E. Lademann collectively referred to as "Defendants") and states:

## JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover unpaid overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.     The jurisdiction of the Court over this controversy is proper pursuant to

28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, located within the Middle District of Florida.

## PARTIES

4.     At all times material hereto, Plaintiff was a resident within the jurisdiction of the Middle District of Florida.

5.     At all times material hereto, Beyond Motion, Inc. was, and continues to be a Florida Profit Corporation, engaged in business in Florida, with a principle place of business in Naples, Florida.

6.     At all times material hereto, Beyond Motion, Inc. was Plaintiff's "employer" as defined by 29 U.S.C. § 201, *et seq.*

7.     Upon information and belief, at all times material hereto, Defendants A. Lademann and E. Lademann were residents of the State of Florida.

8.     At all times material hereto, A. Lademann owned and operated Beyond Motion.

9.     At all times material hereto, A. Lademann had the authority to hire and fire employees of Beyond Motion.

10.     At all times material hereto, A. Lademann regularly determined the rates of pay for the employees of Beyond Motion.

11.     At all times material hereto, A. Lademann regularly determined the work schedules for the employees of Beyond Motion.

12.     At all times material hereto, A. Lademann controlled the finances and operations of Beyond Motion.

13.     At all times material hereto, A. Lademann controlled the working conditions of the employees of Beyond Motion.

14.     At all times material hereto, E. Lademann owned and operated Beyond Motion.

15.     At all times material hereto, E. Lademann had the authority to hire and fire employees of Beyond Motion.

16.     At all times material hereto, E. Lademann regularly determined the rates of pay for the employees of Beyond Motion.

17.     At all times material hereto, E. Lademann regularly determined the work schedules for the employees of Beyond Motion.

18.     At all times material hereto, E. Lademann controlled the finances and operations of Beyond Motion.

19.     At all times material hereto, E. Lademann controlled the working conditions of the employees of Beyond Motion.

20.     At all times material hereto, A. Lademann was Plaintiff's "employer" as defined by 29 U.S.C. § 201, *et seq.*

21.     At all times material hereto, E. Lademann was Plaintiff's "employer" as defined by 29 U.S.C. § 201, *et seq.*

22.     At all times material hereto, Plaintiff was an "employee" of Beyond Motion within the meaning of the FLSA.

3

23.    At all times material hereto, Plaintiff was an "employee" of A. Lademann within the meaning of the FLSA.

24.    At all times material hereto, Plaintiff was an "employee" of E. Lademann within the meaning of the FLSA.

25.    At all times material hereto, Beyond Motion was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

26.    Based upon information and belief, the annual gross revenue of Beyond Motion was in excess of $500,000.00 per annum during the relevant time periods.

27.    At all times material hereto, Beyond Motion had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including equipment which was used directly in furtherance of Defendants' commercial activity of operating a fitness studio.

28.    At all times material hereto, Plaintiff was "engaged in commerce" and was subject to the individual coverage of the FLSA, by virtue of his handling or otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendants' commercial activity of operating a fitness studio.

29.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

30.    A. Lademann and E. Lademann own and operate a fitness studio in the

4

Naples, Florida area—Beyond Motion, Inc.

31.    Beyond Motion is located at 11985 Tamiami Trail, Suite A, Naples, Florida 34110.

32.    Defendants hired Plaintiff in approximately June 2019.

33.    Plaintiff was employed by Defendants until approximately March 2022.

34.    Plaintiff's duties included scheduling Beyond Motion clients for workouts, customer service, maintaining the facility.

35.    From the time that he was hired through approximately one week prior to Plaintiff's separation from employment, Plaintiff was compensated on an hourly basis.

36.    Towards the end of Plaintiff's employment, Defendants changed Plaintiff's compensation to a salary.

37.    However, regardless of how Plaintiff was paid, Plaintiff was not properly compensated for all of the hours that he worked each week, in most, if not all, workweeks.

38.    During times relevant to the claim, Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks.

39.    However, while Plaintiff was paid an hourly rate of pay, Defendants paid Plaintiff at his regular rate of pay for the hours that he worked over forty (40) in a single work week.

40.    While Plaintiff was compensated a salary, Defendants did not pay Plaintiff an additional overtime premium for the hours that he worked over forty (40)

in a single work week.

41.     Plaintiff should have been, and should be, compensated at a rate not less than the applicable overtime rate as required by the FLSA, but Defendants failed to so compensate Plaintiff.

42.     Plaintiff should have been, and should be, compensated at a rate not less than one and one-half times his regular rate of pay for the hours that he worked over forty (40) each week.

43.     Defendants have violated Title 29 U.S.C. §207 in that:

   a.     Plaintiff worked in excess of forty (40) hours per week during his period of employment with Defendants;

   b.     No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the applicable one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the FLSA;

   c.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION**

44.     Plaintiff realleges and reincorporates paragraphs 1 through 43 as if fully set forth herein.

6

45.    Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks while employed by Defendants.

46.    Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

47.    Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours each work week.

48.    At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

49.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

50.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

52.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

    a. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

    b. Overtime compensation for all hours worked over forty (40) hours in a work week at the applicable time and one-half  rate;

    c. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

    d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    e. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

    f. Such other relief to which Plaintiff may be entitled, at law or in equity.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated:  May 5th, 2022.

                                           */s/ Chanelle J. Ventura*
                                           Chanelle J. Ventura
                                           Florida Bar No. 1002876
                                           Morgan & Morgan, P.A.
                                           8151 Peters Road, Suite 4000
                                           Plantation, FL 33324
                                           T: (954) 318-0268
                                           F: (954) 327-3039
                                           Email:        cventura@forthepeople.com

                                           *Attorney for Plaintiff*

8