UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.: 2:22-CV-00296-JES-NPM

IVAN HERNANDEZ,

    Plaintiff,

v.

BEYOND MOTION, INC., Florida
Profit Corporation, AMY L.
LADEMANN, individually and
ERICH M. LADEMANN,
individually,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the defendants, Beyond Motion, Inc. ("Beyond"), Amy L. Lademann, and Erich M. Lademann (collectively, the "defendants") hereby move to dismiss the Complaint filed by the plaintiff, Ivan Hernandez, for failure to state a claim upon which relief can be granted (ECF No. 1). Specifically, Hernandez's claim must be dismissed because he does not plead facts showing that there was either individual or enterprise coverage under the Fair Labor Standards Act.

## Factual Background[1]

Beyond is a private fitness training facility located in Naples, Florida. *See* Compl. at ¶¶ 27–28, 31 (ECF No. 1). Defendants Amy L. Lademann and Erich M. Lademann own the business. *Id*. at ¶ 30. Hernandez is a former employee of Beyond, employed from approximately June 2019 through March 2022. *Id*. at ¶¶ 22, 32-33. He was paid on an hourly basis until one week before the end of his employment, when he began receiving compensation on a salary basis. *Id*. at ¶¶ 35–36. According to Hernandez, his duties included "scheduling Beyond Motion clients for workouts, customer service, [and] maintaining the facility." *Id*. at ¶ 34. Hernandez asserts that he was "engaged in commerce" and "subject to the individual coverage of the FLSA" because he "work[ed] on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendants' commercial activity of operating a fitness studio." *Id*. at ¶ 28.

According to Hernandez, Beyond is an "enterprise engaged in commerce" and "had two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including equipment which was used directly in furtherance of Defendants' commercial

---

[1] Consistent with the standards applicable to this motion, the defendants assume, but do not concede, that the facts alleged in Hernandez's Complaint are true. The defendants reserve the right to challenge the veracity of the facts alleged at a later time, such as at trial.

activity of operating a fitness studio." *Id.* at ¶¶ 25, 27. Hernandez further alleges that Beyond had annual gross revenue in excess of $500,000. *Id.* at ¶ 26.

Hernandez brings this claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, alleging that he worked over 40 hours "in most, if not all, workweeks" of his employment but was not properly compensated for all hours worked. *Id.* at ¶¶ 37–43.

## **Legal Standard**

The legal standard for a plaintiff to survive a motion to dismiss is well established. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 679 (citing *Twombly,* 550 U.S. at 556). "[T]he tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* at 678.

**Argument**

Under the FLSA, an employee is entitled to overtime only if he is covered by that statute. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). The FLSA applies if the employee can establish either enterprise coverage or individual coverage. *Thorne v. All Restoration Servs, Inc.*, 448 F.3d 1264 (11th Cir. 2006). Hernandez has not pled sufficient facts to establish either.

1. **Individual Coverage**

Individual coverage under the FLSA exists if an employee shows they were either (1) engaged in commerce or (2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1); *Thorne*, 448 F.3d at 1266. An employee must *directly*, *regularly*, and *actually* engage in interstate commerce. *Id*. Indirect or sporadic involvement is insufficient to establish individual coverage. *Id*.

Hernandez asserts a bare conclusion of law that because he "handl[ed] or otherwise work[ed] on goods or materials that had been moved in commerce" that he was thus "engaged in commerce." Compl. at ¶ 28. This, of course, is entitled to no deference. *Twombly*, 550 U.S. at 556. Even if it were, Hernandez fails to plead what these goods or materials are, how he worked on them, or how they were moved in interstate commerce. Nor does he plead facts showing that he was directly, regularly, and actually participating in the movement of goods in commerce. The only facts Hernandez pleads regarding his duties suggest that

he was not involved in the production of goods at all. Compl. at ¶ 34. ("Plaintiff's duties included scheduling Beyond Motion clients for workouts, customer service, [and] maintaining the facility.") He does not specify the nature of these duties and what they entail. There simply are no facts that any of Hernandez's duties affected the production of goods for interstate commerce or that he was otherwise engaged in interstate commerce.

Courts in the Eleventh Circuit have dismissed complaints like Hernandez's that assert conclusions of law about how an employee's or business' work relate to interstate commerce. *See, e.g., Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F.Supp.2d 1373, 1377 (S.D. Fla. June 27, 2012):

> The primary problem is that the Complaint provides no factual allegations about the nature of [plaintiff's] work or [defendant's] business. Although [plaintiff] alleges he worked as a driver, nowhere in the Complaint does he say the nature of his work as a driver and whether it involved a connection to interstate commerce. Nor does the Complaint allege what kind of transportation services [defendant] provides to customers or whether such services are tied to interstate commerce. As a result, dismissal without prejudice is required.

(citations omitted). *See also Perez v. Muab, Inc.*, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011); *Sciacca v. Vectorworks Marine, LLC*, 2013 WL 656325, at *3 (M.D. Fla. Feb. 1, 2013) (recommending dismissal of form complaint from Morgan & Morgan where complaint fails to state what goods are being produced or how they are connected to interstate commerce); *Rivera v. Deer*

5

*Run Realty & Mgmt., Inc.*, 2015 WL 4878681 (M.D. Fla. Aug. 14, 2015) (agreeing with *Sciacca*); *Crossley v. Armstrong Homes, Inc.*, 2015 WL 2238347, at *4 (M.D. Fla. May 12, 2015).

### 2. Enterprise Coverage

Nor has Hernandez pled facts establishing that the defendants are covered by enterprise coverage. An employer falls under enterprise coverage of the FLSA if it (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has at least $500,000 of annual revenue. *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010).

The only employee of the defendants that Hernandez has alleged any facts regarding is himself. As discussed, Hernandez has not pled sufficient facts to establish that he was engaged in commerce. As to other employees, Hernandez has pled only legal conclusions that merely track the language of the FLSA, concluding that unspecified other employees handled unspecified equipment in an unspecified manner for interstate commerce. Compl. at ¶ 27. This is not enough. "It is insufficient to merely allege in a form complaint that [defendant] is 'an enterprise engaged in the production of goods for commerce' and not state what the 'goods' are that it produces or how these goods are

connected to interstate commerce." *Sciacca*, 2013 WL 656325 at *3; *Rivera*, 2015 WL 4878681 at *5.

## Conclusion

Hernandez has failed to plead his Complaint with the requisite specificity required under *Twombly* and *Iqbal*. Although he alleges that there is both individual and enterprise coverage, he has not provided facts supporting these recitals of law and legal conclusions, which are entitled to no deference. The Complaint therefore should be dismissed.

Date: July 1, 2022　　　　　　　　Respectfully submitted,

By: /s/ Kenneth A. Knox_____
　　Kenneth A. Knox
　　Florida Bar No.: 829455
　　kknox@fisherphillips.com
　　Alexander Castro
　　Florida Bar No.: 1003630
　　acastro@fisherphillips.com
　　Fisher & Phillips LLP
　　450 East Las Olas Boulevard, Ste. 800
　　Ft. Lauderdale, Florida 33301
　　Tel. (954) 525-4800
　　Fax (954) 525-8739

## CERTIFICATE OF SERVICE

I hereby certify that on **July 1, 2022**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    s/Kenneth A. Knox
                                                    Kenneth A. Knox

## SERVICE LIST

| | |
|---|---|
| Chanelle J. Ventura | Kenneth A. Knox |
| cventura@forthepeople.com | kknox@fisherphillips.com |
| Morgan & Morgan, P.A. | Alexander Castro |
| 8151 Peters Road, Suite 4000 | acastro@fisherphillips.com |
| Plantation, Florida 33324 | Fisher & Phillips LLP |
| Telephone: (954) 318-0268 | 450 East Las Olas Boulevard, Suite 800 |
| | Fort Lauderdale, Florida 33301 |
| *Counsel for Plaintiff* | Telephone (954) 525-4800 |
| | |
| | *Counsel for Defendants* |